UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WESLEY CARUTHERS, JR.,

   Plaintiff,

-vs-                                                                Case No.  8:07-CV-134-T-30TBM

DEPUTY SHAWNEE McCAWLEY,

   Defendant.
_____/

# ORDER

Before the Court are Plaintiff's "Motion to Amend Motion for Enlargement of Time" (Dkt. 50), "Motion for Order Compelling Discovery" (Dkt. 54), "Motion for Order Compelling Discovery" (Dkt. 55), and Defendant's Motion to Strike and Supporting Memorandum of Law (Dkt. 61).

**Motion to Amend Motion for Enlargement of Time**

Plaintiff moves to amend his motion for enlargement of time to conduct discovery[1] (Dkt. 50). Because the Court previously granted Plaintiff's motion for enlargement of time to complete discovery, and extended the discovery deadline to September 10, 2008, Plaintiff's motion to amend his motion for enlargement of time will be denied as moot.

---

[1] On August 4, 2008, Plaintiff filed a motion for extension of time to complete discovery (Dkt. 48).

**Motions to Compel Discovery**

In his August 19, 2008 "Motion for Order Compelling Discovery", Plaintiff moves the Court to order Defendant to provide him with "1. A-1. #105-10 and 2. All statements by Deputy Sheriff's on 1-24-05 at the Crossroads Motel at 3223 Hyway 98 N. Lakeland, FL on 1-24-05 or later." (Dkt. 54 at page 2). He also asserts that he is unable to pay for copies of these documents in advance, and requests that he be allowed to pay for the cost of copying by having the Department of Corrections take funds from his prison trust account when funds are deposited into his account.

In his August 25, 2008 "Motion for Order Compelling Discovery", Plaintiff moves the Court to order Defendant to provide him with copies of the documents he requested in his March 13, 2008 Request for Production of Documents (Dkt. 55). He also claims that he is unable to pay the copying costs in advance,[2] and asks the Court to order the Department of Corrections to deduct funds from his prison trust account when funds are received into the account to pay for the copying costs. Finally, Plaintiff asks the Court "to compel the Defendant to disclose all information pertaining to the Plaintiff on January 24, 2005 concerning the robbery of Mid-Fla Federal Credit Union and any and all information concerning the shooting by the Defendant at the Crossroads Motel on January 24, 2005..." (Id. at page 3).

Defendant has filed a response to Plaintiff's motions to compel discovery (Dkt. 56) in which he asserts that Plaintiff's motions are essentially moot because they seek the same

---

[2]The total copying and mailing cost is $47.85 (Dkt. 44 at page 2).

information Plaintiff sought in his May 6, 2008 "Motion for Production of Documents" (Dkt. 40) which the Court denied on June 23, 2008 (Dkt. 44).

"Motions to compel discovery under Rule 37(a) are committed to the sound discretion of the trial court." *Joyner v. Rex Corp.*, 2007 U.S. Dist. LEXIS 26364, *3, 2007 WL 099106, *1 (M.D. Fla. Apr. 10, 2007), citing *Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984). To the extent Plaintiff again asks the Court to compel Defendant to provide him with the copies of the documents Defendant prepared in response to Plaintiff's March 17, 2008 request for production of documents (Dkt. 41-2), Plaintiff has not demonstrated that he is financially unable to pay the Defendant's copying and mailing costs. Although Plaintiff claims that he is unable to pay for the documents in advance, he fails to support his conclusory claim with any documentation such as a copy of his prison account statements. The Court takes notice of the fact that Plaintiff is proceeding in this action *in forma pauperis*, and that he has made several partial payments of the Court's filing fee during the course of this litigation.[3] Plaintiff clearly has received funds into his prison trust account on a number of occasions following his March 17, 2008 request for production of documents, as the Court's docket reflects that he has made seven (7) partial payments to the Court subsequent to that date.

"As a general rule, indigent litigants bear their own litigations expenses." *Tabron v. Grace*, 6 F.3d 147, 159-160 (3d Cir. 1993). Plaintiff fails to demonstrate that he has lacked the funds to pay for Defendant's costs of producing the documents. Accordingly, his request for an

---

[3]To date, Plaintiff has paid seventy dollars ($70.00) towards the Court's $350.00 filing fee.

order compelling Defendant to produce the documents will be denied.

To the extent Plaintiff seeks an order compelling Defendant to produce documents which Plaintiff did not specifically seek from Defendant during discovery,[4] Plaintiff's motion to compel this documentation will also be denied. *Cf. Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1310 (3d Cir. 1995)("In order to succeed on a motion to compel discovery, a party must first prove that it sought discovery from its opponent."). This Court will not compel Defendant to produce documents until he has had an opportunity to voluntarily comply with a formal discovery request for those documents and improperly declines to do so.

**Motion to Strike**

Defendant moves to strike Plaintiff's Motion for Summary Judgment and Supporting Memorandum of Law (Dkt. 60) "to the extent that it seeks affirmative relief as opposed to responding to Defendant's Motion for Summary Judgment." (Dkt. 61 at page 1). Defendant argues that Plaintiff's Motion for Summary Judgment and Supporting Memorandum of Law is untimely pursuant to the Court's January 7, 2008 Case Management and Scheduling Order which states that the dispositive motion deadline is August 15, 2008 (Dkt. 32 at page 1).

Although Plaintiff's pleading is entitled "Motion for Summary Judgment and Supporting Memorandum of Law" (Dkt. 60), a review of the pleading reveals that Plaintiff is actually claiming that there are disputed issues of material fact, and that Defendant's request for summary

---

[4] For instance, In his motion to compel Plaintiff appears to ask the Court to compel Defendant to disclose all information pertaining to the January 24, 2005 robbery of the Mid-Fla Federal Credit Union (Dkt. 55 at page 3). Plaintiff did not request production of documentation regarding the bank robbery in his March 17, 2008 request for production of documents (Dkt. 41-2).

judgment based on qualified immunity should be denied (Id. at page 19). Plaintiff also requests "that this case [be] set for trial." (Id.). Accordingly, the Court construes Plaintiff's "Motion for Summary Judgment and Supporting Memorandum of Law" as a response to Defendant's motion for summary judgment, and does not construe it as a motion for summary judgment pursuant to Fed. R. Civ. P. 56.[5] Therefore, Defendant's motion to strike will be denied.

ACCORDINGLY, the Court **ORDERS** that:

1. Plaintiff's "Motion to Amend Motion for Enlargement of Time" (Dkt. 50) is **DENIED** as moot.

2. Plaintiff's motions to compel (Dkts. 54-55) are **DENIED**.

3. Defendant's motion to strike (Dkt. 61) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on October 10, 2008.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copies to: Plaintiff pro se
          Counsel of Record

---

[5] The court liberally construes pro se pleadings to permit consideration of the relief sought within the applicable legal and procedural limitations. *See, Kilgo v. Ricks*, 983 F. 2d 189 (11th Cir. 1993).